# United States Bankruptcy Court
## District of Maryland
### At Baltimore

| | | |
|---|---|---|
| In re: | * | **Case No: 14-26170** |
| | * | |
| **DEDRE V. FEYIJINMI,** | * | **Chapter 13** |
| | * | |
| **Debtor.** | * | |
| | * | **Adversary Proceeding No..:  No.:  21-00072** |
| _____ | * | |
| | * | |
| **DEDRE V. FEYIJINMI,** | * | |
| | * | |
| **Plaintiff.** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **STATE OF MARYLAND** | * | |
| **CENTRAL COLLECTION UNIT,** | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff,   Dedre V. Feyijinmi, Debtor, ("Plaintiff" or "Debtor") by and through her counsel, Marie Lott Pharaoh, brings this action pursuant to Fed. R. Civ. Proc. 56 made applicable through Fed. R. Bankr. Proc. 9056, and thereby moves this Honorable Court for Summary Judgment and sets forth the following to support her cause:

## PARTIES

1. Plaintiff, Dedre V. Feyijinmi, the Debtor ("Debtor," or "Plaintiff") in the Bankruptcy Case, resides at 4504 Ingham Road Owings, Mills, MD 21117 in Baltimore County, Maryland.

2. The Defendant, State of Maryland Central Collection Unit ("CCU") was created by the Maryland Legislature in 1973 to collect debts owed to every agency run by the State of Maryland.

3. Maryland's Office of the Attorney General ("OAG") represents the State of Maryland in all matters in which the interests of the State of Maryland are involved. The OAG represented CCU in the Chapter 13 case.

## PERTINENT FACTS OF THE CASE

4. On October 21, 2014 Debtor sought relief under Chapter 13 of the United States Bankruptcy Code.

5. Debtor scheduled CCU as a creditor, since it was collecting the debt via wage garnishment on behalf of Maryland's Division of Parole and Probation ("Parole and Probation"), the original payee.

6. Mr. Ari Kodeck, an Assistant Attorney General, representing CCU, filed its original proof of claim on April 13, 2015.  *Exhibit 1.*

7. Attached to the completed official proof of claim form was a document on Parole and Probation's letterhead dated September 14, 2014 (a little over a month before Plaintiff filed her Chapter 13) stating that the amount due and owing was $16,008.80 for "Court Ordered Fees."

8. Debtor's attorney contacted Mr. Kodeck and presented him with evidence that the amount owed was incorrect.

9. On May 5, 2015, Mr. Kodeck, on behalf of CCU, amended the proof of claim. *Exhibit 2.*

10. Attached to the amended proof of claim were a copy of Judgment for Restitution, which had been filed in the Circuit Court for Baltimore County and apparently were part of Parole and Probation's file, and another document on Parole and Probation's letterhead,

dated April 30, 2015, with the new balance of $7275.33.The basis of the debt on the latter was characterized as "Failure to Pay Court Ordered Fees."

11. The debt was treated as an unsecured general claim in Debtor's Chapter 13 plan, and the Defendant was paid approximately $1000 through the plan. Payment was received and accepted.

12. The Debtor's Chapter 13 plan was confirmed on June 16, 2015.

13. CCU did not file an objection to the Plaintiff's Chapter 13 plan; nor did it file an adversary proceeding seeking determination of the dischargeability of the debt.

14. The Debtor completed her Chapter 13 payments on December 5, 2019 and received a discharge on February 26, 2020. Her case closed on June 6, 2020.

15. The Defendant, after the Plaintiff's discharge, impermissibly began collections activities in January 2021.

16. Debtor's attorney, given Defendant's intransigence that the debt was nondischargeable, filed a Motion to Reopen the Chapter 13 case on April 23, 2021 for this Honorable Court to determine dischargeability of the debt in question.

17. By leave of this Honorable Court, the Plaintiff filed her original Complaint on March 26, 2021.

18. Defendant filed its initial Motion to Dismiss on May 5, 2021.

19. On May 27, 2021, Plaintiff filed her Amended Complaint with a request to have her Amended Complaint deemed filed on May 26, 2021due to issues with the court's cm/ecf filing system.

20. The Court granted that request on June 17, 2021.

21. The Defendant filed its Motion to Dismiss Amended Complaint on June 17, 2021.

22. The Plaintiff filed her Opposition on July 8, 2021.

23. The Court held a hearing on Defendant's Motion to Dismiss and Plaintiff's Opposition on July 14, 2021.

24. After oral argument, the Court expressed its concern over the proof of claim filed by the attorney representing CCU, noting that the Defendant twice referred to the debt as "Court Ordered Fees" in the amended proof of claim.

25. The Court then shifted the controversy into a Rule 12d matter, in essence, allowing the Defendant an opportunity to re-litigate the amended proof of claim in a Motion for Summary Judgment.

26. This Honorable Court issued its Order on July 20, 2021, permitting the parties to file supplemental briefs. The Order allows the Defendant to file extraneous documents to bolster its claim that the debt is nondischargeable because it was the result of Plaintiff's "criminal conviction."

## ISSUES

27. The principles of res judicata bars this Honorable Court from considering, hearing, deciding upon, etc., any and all matters associated with the proof of claim not already contained in the Record of the Chapter 13 Bankruptcy case ("Record") -- to include any extrinsic or extraneous evidence concerning the claim's contents, preparation, signing, filing, etc.

28. The Record shows that Parole and Probation, the original payee of the debt, submitted the pertinent supplemental documents to the Assistant Attorney General representing CCU for both the original and amended proofs of claim.

29. Instruction #2 of the proof of claim form requires the creditor to state "the type of debt and how it was incurred." Parole and Probation, in the amended proof of claim, stated that the debt was the result of "Failure to Pay Court Ordered Fees."

30. The Assistant Attorney General, representing CCU, agreed and attested to that assessment under the penalty of perjury by signing and filing both the original and amended proofs of claim.

31. The Bankruptcy Court's allowance of the amended proof of claim is a final judgment under federal law, and the confirmation of the Chapter 13 plan is a final judgment under 11 U.S.C. §1327, as interpreted by the federal courts.

32. An Order of Discharge has been granted and entered in this case, and is also a final judgment.

33. Thus, this Honorable Court is precluded from considering any evidence that is not part of the Record in the Debtor's Chapter 13 case.

34. Equally important for consideration is public policy: an honest debtor is absolutely entitled to a "fresh start" after she has completed her Chapter 13 plan.

35. The Plaintiff will be greatly prejudiced further by the Defendant attempting to open and review expunged documents in the expunged criminal case. *Exhibit 3.*

36. The prejudice to the Plaintiff in having essentially "sealed "documents accessible to the public once filed by the Defendant in this case outweighs what little, if any, probative value those documents will have on resolving the issue of dischargeability of the debt.

37. Thus, the Court should rescind its July 20, 2021 Order , stay the proceeding in the Circuit Court for Baltimore County, and rely totally on the Record and any issues of law to decide this case in Plaintiff's favor.

## STANDARD

38. Summary judgment is appropriate "if the movant shows that there is no genuine dispute
    as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
    Civ. P. 56(a).

39. Furthermore, the Defendant, under the principles of res judicata, is unable to produce
    evidence extrinsic to the Record that will be admissible in this Court regarding any matter
    associated with the allowed amended proof of claim filed in the Chapter 13 case. *See* Fed.
    R. Civ. P. 56(c).

40. "Summary judgment procedure is properly regarded not as a disfavored procedural
    shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed
    `to secure the just, speedy and inexpensive determination of every action.*" Celotex Corp.
    v. Catrett,* 477 U.S. 317, 322  (1986)

## ARGUMENT

### I. UNDER THE PRINCIPLES OF RES JUDICATA, THE COMPLETION OF PLAINTIFF'S CHAPTER 13 PLAN  AND THE BANKRUPTCY COURT'S ALLOWANCE OF THE PROOF OF CLAIM BAR ANY RE-LITIGATION OF ANY ISSUE OR MATTER ASSOCIATED WITH THE FILED AND ALLOWED PROOF OF CLAIM IN THE CHAPTER 13 CASE

### THE CONFIRMED CHAPTER 13 PLAN

41. 11 U.S.C. § 1327(a) states clearly: "The provisions of a confirmed plan bind the debtor
    and each creditor, whether or not the claim of such creditor is provided for by the plan
    and whether or not such creditor has objected to, has accepted, or has rejected the plan."

42. Further, "[A] confirmed plan of reorganization acts like a contract that is binding on all
    parties, debtor and creditors alike."  *In re Varat Enters., Inc.,* 81 F.3d 1310, 1317 (4th
    Cir. 1996).

43. "Confirmation is the bright line in the life of a Chapter 13 case at which all the important rights of creditors and responsibilities of the debtor are defined and after which all rights and remedies must be determined with reference to the plan." *In re Durham,* 260 B.R. 383, 386 (Bankr.D.S.C.2001).

44. Thus, the Defendant once the Chapter 13 plan was confirmed was and is bound by the declarations in the amended proof of claim regarding the nature and amount of the debt.[1]

45. The proof of claim can be said, since it is an integral part of the Chapter 13 plan, to be "incorporated and merged" into the confirmed Chapter 13 plan, and thus is no longer a standalone document, and is thereby immune to challenge by the creditor who filed it or any party of interest in the Chapter 13 case.

## THE PROOF OF CLAIM

46. Rule 3001(f) of the Rules of Bankruptcy Practice and Procedure ("Rules") states that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

47. This allowance without a plenary procedure comports with Congress' intent that the Bankruptcy process be efficacious and expeditious. 11 U.S.C. §502 ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest …objects.")

---

[1] The Court can view the proof of claim as a schedule attached to a binding contract, which serves to bind the parties to particular terms that are best set forth as a separate document, but still part and parcel of the binding contract.  The proof of claim for a general unsecured creditor, for example, serves the same purpose:  the Debtor and Chapter 13 trustee must pay, pro-rata, the unsecured general creditors because that creditor fled a proof of claim to be paid under the Chapter 13 plan.  Similarly, for the creditor with a priority claim who is paid in accordance with the allowed proof of claim by the Chapter 13 trustee through the Debtor's Chapter 13 plan.

48. "[A] chief purpose of the bankruptcy laws: to secure a prompt and effectual resolution of bankruptcy cases within a limited period." *Taggart v. Lorenzen*, 139 S. Ct. 1795.1803 (2019). (citations omitted).

49. The burden falls on the creditor to ensure that the information contained in the proof of claim is correct and the Court, the Debtor, the Chapter 13 trustee and interested parties are assured of this veracity by the creditor signing the proof of claim under the penalty of perjury and being informed on the form itself that the creditor faces a $500,000 fine or imprisonment for filing a fraudulent claim. *Bankruptcy Form 410*.

50. The other safety measure is that the creditor is required to file supporting documentation with the proof of claim form. Fed. R. Bankr. Proc. 3001.

51. The primary issue, then, before this Court is whether the Defendant should be granted an opportunity to re-litigate the matters regarding the proof of claim, -- after the Chapter 13 plan confirmation, after the Chapter 13 plan completion, and an Order of Discharge has been granted and entered --, to provide extrinsic evidence in an effort to once again amend the proof of claim to state sufficient facts to prove that the debt is not dischargeable pursuant to 11 U.S.C. §1328(a)(3)?

52. 11 U.S.C. §1328(a)(3) prohibits a discharge of a debt in a Chapter 13 "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime."

53. "Of course, the starting point in every case involving construction of a statute is the language itself. *Blue Chip Stamps v. Manor Drug Stores,* 421 U. S. 723, 756 (1975).

54. An examination of the amended proof of claim and its supporting documents reveal that there is nothing to indicate that the debt was part of a sentence, or even arose from any

criminal conviction. Furthermore, there is no mention in any of the documents of any crime having been committed.

55. The proof of claim stated that the debt is for "Court Ordered Fees."

56. The configuration of the debt's balance on Parole and Probation's letterhead stated that the basic of the debt was "Failure to Pay Court Ordered Fees."

57. The Judgment of Restitution filed with Defendant's amended proof of claim does not provide any facts that the debt was included in any criminal sentence or a condition of probation. Nor is any "crime" mentioned in that document.

58. Indeed, a review of Md. Code of Crim. Proc. § 11-603 on which the Judgment of Restitution is based shows that a Court may order restitution for any and all of the following reasons:

> (a) Conditions for judgment of restitution. -- A court may enter a judgment of restitution that orders a defendant or child respondent to make restitution in addition to any other penalty for the commission of a crime or delinquent act, if:
> (1) as a direct result of the crime or delinquent act, property of the victim was stolen, damaged, destroyed, converted, or unlawfully obtained, or its value substantially decreased;
> (2) as a direct result of the crime or delinquent act, the victim suffered:
> (i) actual medical, dental, hospital, counseling, funeral, or burial expenses or losses;
> (ii) direct out-of-pocket loss;
> (iii) loss of earnings; or
> (iv) expenses incurred with rehabilitation;
> (3) the victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental unit;
> (4) a governmental unit incurred expenses in removing, towing, transporting, preserving, storing, selling, or destroying an abandoned vehicle as defined in § 25-201 of the Transportation Article;
> (5) the Criminal Injuries Compensation Board paid benefits to a victim; or

> (6) the Department of Health and Mental Hygiene or other governmental unit paid expenses incurred under Subtitle 1, Part II of this title.

59. The Judgment of Restitution in and of itself is not dispositive on the nature of the debt simply because is it associated with a provision of Maryland's criminal procedure statute.

60. It is merely a standard form used by a Maryland courts to facilitate its order for a defendant to pay restitution, which could be direct restitution for a crime, but also for medical expenses paid for by a governmental unit, or the towing of a car, or any other kind of expenses paid for by a Maryland governmental unit.

61. Thus, from the Record, this Court must conclude that the proof of claim and its attendant documents never characterized the debt as restitution included in a sentence, and no crime of any sort was stated or even alluded to.

62. Its characterization of the debt as "Court Ordered Fees," which are not dischargeable under 11 U.S.C. §1328(a)(3), should stand for no other reason than an Assistant Attorney General, representing CCU, signed and filed the amended proof of claim under the penalty of perjury attesting to the veracity of the nature of the debt and the amount owed.

## RES JUDICATA

63. "It is well established that the doctrine of *res judicata* bars the re-litigation of matters previously litigated between the parties and their privies, as well as those claims that *could have been asserted* in the original suit." *In re Varat Enterprises, Inc.,* 81 F.3d 1310, 1315 (4th Cir.1996).

64. "The doctrine encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel." *Id.*

65. "The doctrine of res judicata applies in the bankruptcy context." *Varat*, 81 F.3d at 1315.

66. " Collateral estoppel, also known as issue preclusion, prevents relitigation of issues decided in a prior case. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L. Ed. 2d 210, 217 (1979).

67. In the Fourth Circuit, a party must establish five elements to invoke collateral estoppel:

> (1) that "the issue sought to be precluded is identical to one previously litigated" ("element one"); (2) that the issue was actually determined in the prior proceeding ("element two"); (3) that the issue's determination was "a critical and necessary part of the decision in the prior proceeding" ("element three"); (4) that the prior judgment is final and valid ("element four"); and (5) that the party against whom collateral estoppel is asserted "had a full and fair opportunity to litigate the issue in the previous forum" ("element five").

*Piedmont Trust Bank v. Linkous (In re Linkous),* 990 F.2d 160 (4th Cir. Apr. 1, 1993)

## ANALYSIS

Plaintiff has established that this current litigation meet the five elements to preclude the Defendant from re-litigating any matters associated with the Defendants's amended proof of claim:

1. Defendant filed the amended proof of claim under the penalty of perjury, accepting the original payee's nature of the debt as "Failure to Pay Court Ordered Fees." The supporting documents did not contain the necessary language to indicate and establish that the debt was not dischargeable pursuant to 11 U.S.C. §1328(a)(3). The Defendant now seeks to re-litigate the proof of claim by submitting the extrinsic evident that it most assuredly should have, could have, submitted in the Chapter 13 case.

2. The proof of claim was allowed by the Bankruptcy Case.

3. The allowed proof of claim was an integral part of the confirmed and now completed Chapter 13 plan, as the Defendant was paid under the binding terms of the Chapter 13

11

plan as an unsecured general creditor. The allowance of the proof of claim was a necessary part of Debtor's Chapter 13 plan, which the Defendant voluntarily filed seeking payment in accordance with the terms of the confirmed Chapter 13 plan.

4.  The confirmation and completion of Debtor's Chapter 13 plan pursuant to federal case law and 11 U.S.C. §1327 is a final judgment. The allowance of the proof of claim, moreover, is also a final judgment. The Order of Discharge is a final judgment.

5.  The Defendant received notice of the filing of debtor's Chapter 13 and the debt owed to it was scheduled. As a result, the Defendant filed an original and an amended proof of claim in which it characterized the debt four (4) times as "Court Ordered Fees." Twice in the original proof of claim and twice in the amended proof of claim. The Defendant litigated its interest in the Chapter 13 case when it filed its proofs of claim without objection and accepted payments under the Chapter 13 plan in accordance with the proof of claim, as an unsecured general creditor. The proof of claim, moreover, was reviewed, assessed, prepared and signed by the Defendant's own attorney. No new facts have arisen since the filing of the proof of claim.  The Defendant also received notices of Debtor's proposed Chapter 13 plans, and notice of Debtor's affidavit for discharge and the Order of Discharge.  Defendant was paid through Debtor's Chapter 13 plan, Defendant did not file an objection to confirmation of the Chapter 13 plan and nor did it file an adversary proceeding to challenge the dischargeability of the debt.

## II. <u>Public Policy Concerns</u>

Public policy also plays a crucial role in this matter.  The Circuit Court for Baltimore County granted the Plaintiff's petition for expungement of her criminal case.  The Court

ordered various agencies to include Maryland's Division of Parole and Probation, the State's Attorney's Office for Baltimore County, the clerk of the Court for Baltimore County Circuit Court to expunge the Plaintiff's criminal records.

Now, the Defendant in this case has filed an emergency motion in the Circuit Court of Baltimore County to access those records. *Exhibit 3*. As this Court is fully aware, any documents or any affidavits purporting to attest to the contents of those documents included in Defendant's future motion filed in this Court will be available to the public. The entire purpose of seeking an expungement was for Plaintiff to have a "fresh start."

The prejudice to the plaintiff outweighs any probative value of "unsealing" those documents. The Defendant wants to have a second bite at the "litigation apple" to the detriment of the Plaintiff, who was an honest debtor, who worked hard to complete her Chapter 13 plan without incident. Plaintiff is absolutely entitled to a full "fresh start" as promised by the Bankruptcy Code. For the Defendant to exclaim "mea culpa" and, if granted a second bite at the litigation apple will erase any finality to this Chapter 13 case. This entire chain of events, post-Chapter 13 plan completion, is anathema to Congress' intent and the interpretation of the Bankruptcy Code as providing for expedient resolution of matters and for the "fresh start" for the honest and diligent Chapter 13 debtor. Now, post-Chapter 13 completion, the Plaintiff has to file motions in both the Bankruptcy Court and the Circuit Court for Baltimore County.

Not only is the Plaintiff having to needlessly fight to keep her records "sealed" in the Circuit Court for Baltimore County, but having to face the possibility of her expunged case being open to the public and possibly having to pay more now on the debt than what

was owed at the start of her bankruptcy are devastating to her mental and physical well-being.  Not a fresh start, but a severe penalty!

If the Defendant maintains that it did not get the proof of claim right, then it should not be rewarded with a second chance to get it right to the detriment of the Plaintiff.   It had over 6 (six) months to prepare and file its proof of claim. An Assistant Attorney General prepared, reviewed and filed the proof of claim. All the documents and evidence were at the OAG disposal in 2014, and no new evidence has been alleged.

Granting the Defendant the ability to re-litigate the proof of claim will set an unwarranted precedence for this Defendant and other creditors. The message from this Honorable Court should be clear once a Chapter 13 plan has been confirmed and completed and a Order of Discharge entered and the case is closed:  **make sure your proof of claim and the supporting documents are correct, as you signed the proof of claim under the penalty of perjury! No second chances to re-litigate!**

If the Court grants the Defendant an opportunity to re-litigate the proof of claim, and it prevails, can the Plaintiff then move this Court to rescind her Order of Discharge so that she can modify her Chapter 13 plan to pay CCU through that modified plan with the 6 months remaining of her 60 months so as not to suffer through a wage withholding at the statutory rate?  Can she request the Chapter 13 trustee's oversight of her amended plan? Would she be able to contest the post-petition interest on the debt CCU claims accrued during the course of the bankruptcy?  How will the Court deal with her other creditors making claims that they, too, misrepresented their debts in their filed proofs of claim.

If Defendant contends that the amended proof of claim is not correct, it had its opportunity to get it straight right out of the gate. Given all the residual issues in this case, finality is the favored result.

Based on the principles of res judicata and 11 U.S.C. § 1327, the Defendant is barred from re-litigating any matter related to the already filed and adjudicated proof of claim. As the Court cannot consider any extraneous or extrinsic evidence, the Court must rescind its July 20, 2021 Order. The Record, moreover, is sufficient for this Honorable Court to rule in Plaintiff's favor.

**WHEREFORE**, Plaintiff moves this Honorable Court for the following relief:

A.  Grant the Plaintiff's Motion for Summary Judgment;

B.  Declare that the debt owed is discharged;

C.  Rescind its July 20, 2021 Order;

D.  Stay the commenced proceedings in the Circuit Court for Baltimore County, given this Motion for Summary Judgment now before this Honorable Court, the proceedings are premature;

E.  Award Plaintiff damages and attorney fees;

F.  And grant such other and further relief as is just and appropriate.


Date:  July 29, 2021                              Respectfully submitted,


                                                  /s/Marie Lott Pharaoh
                                                  Marie Lott Pharaoh
                                                  Bar No.: 11080
                                                  875 NW 97th St.
                                                  Miami, FL 33150
                                                  Tel.:  (240) 606-3494
                                                  Email: mariepharaoh@gmail.com