**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
<u>at Baltimore</u>

| | | |
|---|---|---|
| IN RE: | | |
| DEDRE V. FEYIJINMI | * | Case No.: 14-26170 |
|     Debtor | | |
| | * | Chapter 13 |

\*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| DEDRE V. FEYIJINMI | * | |
|     Plaintiff | | |
| | * | |
| v. | | |
| | * | Adv. Pro. No.: 21-00072 |
| STATE OF MARYLAND | | |
| CENTRAL COLLECTION UNIT | * | |
|     Defendant | | |

\*   \*   \*   \*   \*

## <u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

The State of Maryland Central Collection Unit, by its attorneys, Brian E. Frosh, Attorney General of Maryland; Susan C. Scanlon, Assistant Attorney General; and Michael D. Watts, Staff Attorney; hereby moves this Court to deny Plaintiff's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012, and in support thereof states:

### <u>FACTS</u>

1. This Court held a hearing on July 14, 2021, regarding Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

2. At the hearing, the Court inquired into the circumstances surrounding both the state court's initial entry of the probation before judgment (PBJ) and restitution, and the subsequent expunction of the associated criminal records.

1

3. Defendant could not provide the Court with all of the information it sought due to lack of access to the in-question records.

4. The Court concluded the hearing by taking Defendant's motion under advisement, and directed Defendant to file a supplemental brief on or before September 13, 2021, that would include the requested information. The Court entered an order reiterating this deadline on July 20, 2021.

5. Defendant contacted the Maryland Division of Parole and Probation (DPP) and the Office of the State's Attorney for Baltimore County (State's Attorney) after the hearing for help in complying with the Court's order. Both entities informed Defendant, however, that they could not provide assistance absent a court order pursuant to MD Code, Criminal Procedure, § 10-108(b)(1). Their position is understandable, given that MD Code, Criminal Procedure, §10-108(a) prohibits a person from opening or disclosing information from an expunged record absent a court order. A person who discloses information from an expunged record is subject to prosecution and, upon conviction, can be sentenced to up to one year, required to pay a fine of up to $1,000.00, or both. In addition, a state employee who is convicted under this statute can be terminated.

6. Defendant, accordingly, filed an Emergency Motion to Set Immediate Hearing to Open, Review, And Disclose Expunged Records For Limited Purpose of Pending Bankruptcy Litigation in the Circuit Court for Baltimore County (Motion to Disclose) on July 26, 2021.

## STANDARD

7. Fed. R. Civ. P. 56 allows a court to grant summary judgment if the movant shows that there is no genuine dispute as to any material fact.

8. Summary judgment is only appropriate after adequate time for discovery, as a

general rule. *E.g.*, *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

9. A court must refuse summary judgment when the nonmoving party has not had the opportunity to discover essential information to its opposition. *Id*. (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

## ARGUMENT

10. The Court must deny Plaintiff's Motion for Summary Judgment as Plaintiff's request directly contradicts the crux of the Court's July 14, 2021, request and subsequent order.

11. Defendant is diligently undertaking the necessary steps to obtain the information needed to comply with this Court's request while simultaneously complying with the requirements of Maryland's expunction statute, MD Code, Criminal Procedure, § 10-101 *et seq*.

12. Defendant's Motion to Disclose, contrary to Plaintiff's assertion, does not seek to unseal Plaintiff's expunged criminal records to the public. Rather, Defendant carefully crafted an order that limits the disclosure of information to CCU and permits representatives of the agency to execute affidavits without repercussions for disclosing expunged information.

13. If the Circuit Court for Baltimore County grants Defendant's narrowly crafted request, the expunged records will not reappear on the State's public database, nor will prospective employers, educational institutes, or any other third-party entities seeking the information have access to it.

14. Moreover, the benefits of expunction are not absolute and MD Code, Criminal Procedure, § 10-108(b)(1) explicitly creates an avenue for limited disclosure upon a showing of good cause. If Plaintiff wishes to challenge this disclosure, the Circuit Court for Baltimore County is the proper venue.

15. Given that Plaintiff has indicated her intent to ask the Circuit Court for Baltimore County to stay any hearing on Defendant's Motion to Disclose pending the outcome of her Motion for Summary Judgment, Exhibit 1, p. 6, it is imperative that this Court immediately deny Plaintiff's motion so that it does not act to frustrate the time with which Defendant has to comply with the Court's order.

16. Plaintiff's legal arguments regarding the proof of claim are by no means dispositive to the central issue of the adversary proceeding (i.e., whether a PBJ constitutes a conviction for the purposes of 11 U.S.C. § 1328(a)(3)). Nevertheless, Plaintiff will address the merits of these arguments at the proper juncture when it files its supplemental brief as requested by the Court.

17. Accordingly, and for the aforementioned reasons, Plaintiff's Motion for Summary Judgment should be denied.

Respectfully submitted,

BRIAN E. FROSH
ATTORNEY GENERAL OF MARYLAND

Dated: July 30, 2021

/s/ Michael D. Watts
Michael D. Watts # 21284
Staff Attorney

/s/ Susan C. Scanlon
Susan C. Scanlon #28832
Assistant Attorney General

Office of the Attorney General
Department of Budget & Management
300 W. Preston St., Rm 407
Baltimore, MD 21201
410-767-1234 (tel) 410-333-5887 (fax)

>michael.watts2@maryland.gov
>susan.scanlon@maryland.gov
>*Attorneys for Defendant State of Maryland Central Collection Unit*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2021, a copy of the foregoing Response to Motion for Summary Judgment were served via ECF to all persons and entities entitled to receive notice of electronic filing in this case:

>Marie Lott Pharaoh
>mariepharaoh@gmail.com

>*/s/ Michael D. Watts*
>Michael D. Watts
>Staff Attorney